UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
ALEJANDRO PEREA-TORRES, DURAND AUGUSTE,
AND EWART BURTON


                                        Plaintiff,

                                                    **07 cv 9434(DC)(DFE)**

          -against-
                                                    **COMPLAINT**


THE CITY OF NEW YORK, a municipal corporation,
NYPD Detective Phillip Morgan, Shield No. 3313,
Undercover PO, Shield No. 5778 whos identity is unknown,
Undercover PO, Shield No. 14341, whos identity is unknown,
John & Jane Does, Individually and as supervisory officers
of the New York City Police Department, the identity and
number of which is unknown,


                                                    **JURY TRIAL
                                                    DEMANDED**
                                        Defendants.
------------------------------------------------------------------------- x

     Plaintiffs, Alejandro Perea-Torres, Durand Auguste, and Ewart Burton by their

attorney, Glenn A. Wolther, as and for their complaint alleges as follows:


                            **Jurisdiction & Venue**


1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343, and the

       pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C.

       §1367, to entertain claims arising under state law.


2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C.

       §1391(b)(1),  as defendant City of New York resides within this District.

3.      On or about October 20, 2006,  Notices of Claim were timely served upon

defendant City of New York.

4.      More than thirty days have passed since service of the Notices of Claim and

adjustment or payment has been neglected.

**Parties**

5.      Plaintiff, Alejandro Perea-Torres, and at all times relevant herein was a resident of

New York.

6.      Plaintiff, Ewart Burton, is a resident of New York City.

7.      Plaintiff, Durand Auguste, is a resident of New York City.

8.      At all times material herein, the defendant City of New York ("NYC"), was and is

a municipality, duly organized and existing under and by virtue of the laws of the

State of New York.  The New York City Police Department ("NYPD") is a non-

suable subdivision of NYC and its employees are employees of NYC.

9.     Upon information and belief, defendant, Detective Phillip Morgan, Shield #3313
was at all relevant times herein employed by NYC as a Police Detective. He is
sued both his personal, supervisory,  and official capacities.


10.    Upon information and belief, defendant, undercover police officer Shield  No.
6778 ("UC 5778") was at all relevant times herein employed by NYC as a Police
Officer.  UC 5778 is sued both in his/her personal and official capacities.


11.    Upon information and belief, defendant, undercover police officer Shield No.
14341 ("UC 14341") was at all relevant times herein employed by NYC as a
Police Officer.  UC 14341 is sued both in his/her personal and official capacities.


12.    Upon information and belief, defendant John and Jane Does, the exact number of
whom is presently unknown, were at all relevant times herein, employed by NYC
as Police Officers and Supervisory Police of higher ranks. They are sued both in
their personal and official capacities and as supervisors. Their true identity is
presently unknown.


13.    At all material times herein and in their actions described herein, all
defendants were acting under color of law and pursuant to their authority
as employees of NYC and the NYPD. They were acting within the scope of their
employment.

14.    Under the Charter of the NYC, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action.

## **Facts**

15.    On July 22, 2006, plaintiffs Alejandro Perea-Torres ("Perea-Torres"), Durand Auguste ("Auguste") , and Ewart Burton ("Burton")were lawfully inside the premises located at 2210 Church Avenue, Kings County.

16.    Plaintiff Auguste and Burton were working at the premises which is a duly licensed cabaret named Temptations (the "Club"). The club holds a valid Tavern Wine License issued by the New York State Liquor Authority.

17.    Burton was acting as the head manger of the Club.

18.    Auguste was acting as a manager at the Club.

19.    Perra-Torrres was a patron at the Club. He was not working for the Club.

20.    Upon information and belief, the Club does not sell alcoholic beverages, beyond the permissible scope of the terms of its Tavern Wine License.

21.     Upon information and belief, at no point on July 22, 2006, did any of the individual plaintiffs sell any prohibited alcoholic beverages in violation of New York Alcoholic Control Law §§100(1) or §100(1)(a).

22.     At or about some point after 3:30 a.m. plaintiff Auguste was told by one of the defendants that he was being arrested.

23.     At or about some point after 3:30 a.m. plaintiff Burton was told by one of the defendants that he was being arrested.

24.     At or about some point after 3:30 a.m. plaintiff Torres-Perea was told by one of the defendants that he was being arrested.

25.     Plaintiffs were escorted from the club and transported to a police facility.

26.     Plaintiffs did not feel free to leave based upon the words, mannerisms, gestures, and actions of defendants.  Plaintiffs were unlawfully seized.

27.     Upon information and belief defendants actions were taken without authority, legal justification, reasonable suspicion, or probable cause. Defendants had no arrest warrant. At no time did probable cause exist to justify the defendants' seizure and detention of the plaintiffs.

28.    Upon information and belief, in order to obtain plaintiffs' unlawful seizure and the ultimate closure of the club defendants, Morgan, UC 5778 and UC 14341, reported false and misleading information that alleged plaintiffs Torres-Perea and Auguste participation in the illegal sale of alcohol.

29.    Upon information and belief, Morgan, and the Doe defendants knew or should have know that any information from UC 5778 and UC 14341 was wrong and false.

30.    Although seized and arrested from allegedly selling alcohol in violation of NY ABC Law §100(1)(a)without a license, plaintiff Burton is alleged to have done no more than, (a) being present at the club and (b) stating that he was the manager of the club.

31.    Upon information and belief, Morgan, and the Doe defendants knew or should have know that any information from UC #5778 and UC 14341 regarding Burton was insufficient to seize and arrest him.

32.    Plaintiffs were transported to the Police Precinct, Central Booking,  the Courthouse, and continually confined and defendants.

33.    Plaintiffs were unlawfully arrested, subject to criminal process and charged with violating New York Alcohol Control Beverage Law §100(1) and 100(1)(A)

(Docket Numbers 2006KN050337 (Burton) , 2006KN050338 (Torres-Perea)  and 2006KN050339 (Auguste). All three cases were Adjourned in Contemplation of Dismissal and ultimately dismissed

34.     Upon information and belief, plaintiffs were unjustly and unlawfully subjected to seizure and abusive criminal process with the intention to harm plaintiffs, without justification or excuse, in order to obtain the ultimate closure of the Club at the expense of the individual plaintiffs.

35.     Further, as a result of the process that was issued plaintiffs were required to appear in Criminal Court for arraignment.

36.     Upon information and belief, some of the defendants who were present at the location at the time of the incident were supervisory officers.

37.     Upon information and belief, no NYPD member present intervened or stopped the other NYPD defendants from unreasonably seizing and issuing abusive process to plaintiffs but should have.

38.     Upon information and belief, no NYPD supervisory officer prevented or remedied the unlawful seizure or the unlawful issuing of the criminal complaint, and supporting documents.

39.     Upon information and belief, NYPD supervisory officers ratified the documents

         tacitly or explicitly.


**FIRST CAUSE OF ACTION**
**FEDERAL CLAIMS**
**AGAINST ALL DEFENDANTS**

40.     Plaintiff repeats and realleges each and every allegation contained in

         paragraphs 1 through 39  as if repeated fully herein.


41.     Upon information and belief, defendants violated, conspired to violate, and aided

         and abetted in the violation of plaintiffs' clearly established and well-settled

         federally protected rights.


42.     The acts and conduct described above deprived the plaintiffs of their rights:


         (a)     to be free of unreasonable search and seizure of their person and effects;

         (b)     to be free from unlawful warrantless arrest;

         (c)     to be free from false imprisonment;

         (d)     to be free from abuse of process;

         (e)     not to be deprived of liberty or property without due process of law

         All in violation of the Fourth, and Fourteenth Amendments to the United

         States Constitution and 42 U.S.C. § 1983.


43.     Upon information and belief, the acts and conduct of defendants described above

         was intentional, wanton, malicious and oppressive.

44.   As a result of the acts and misconduct of the defendants complained of
      herein, plaintiffs have suffered deprivation of their liberty, physical injuries,
      emotional injuries, mental and emotional distress, pain and suffering, humiliation,
      embarrassment, economic loss, legal fees, and other damages.

**SECOND CAUSE OF ACTION**
**SUPERVISORY CLAIMS**

45.   Plaintiff repeats and realleges each and every allegation contained in
      paragraphs 1 through  44 as if repeated fully herein.

46.   Upon information and belief, the supervisory Morgan and the Doe defendants
      failed to supervise, monitor, train and discipline other NYPD defendants.

47.   Upon information and belief, supervisory Morgan and the Doe defendants have
      shirked their duty to ensure that officers under their control, and accountable to
      them, do not engage in civil rights violations and unlawful conduct.

48.   Upon information and belief, the acts and conduct of defendants described above
      was intentional, wanton, malicious and oppressive.

49.   As a result of the acts and misconduct of the defendants complained of
      herein, plaintiffs have suffered deprivation of their liberty, emotional injuries,
      mental and emotional distress, humiliation, embarrassment, economic loss, legal

fees, and other damages.

### THIRD CAUSE OF ACTION
### NEW YORK STATE TORT CLAIMS
### AGAINST ALL DEFENDANTS

50.     The allegations of paragraphs 1 through 49 inclusive are incorporated by

        reference herein.

51.     The acts and conduct of the defendants constitute false imprisonment, false arrest,

        negligence, abuse of process, injurious false and/or fraudulent statements,

        negligent hiring, negligent training, negligent retention, negligent supervision,

        *prima facie* tort under the laws of the State of New York.

52.     Upon information and belief, the acts and conduct of defendants described above

        were intentional, wanton, malicious and oppressive.

53.     All individual defendants acted within the scope of their employment at times

        material herein, and the municipal defendant is liable under the doctrine of

        *respondeat superior* for the acts of its employees, agents, and those within

        its control.

54.     As a direct and proximate result of the defendants' acts described above,

        defendants have caused plaintiff to suffer emotional injuries, legal

        fees, emotional suffering, mental anguish, humiliation and embarrassment,

deprivation of liberty, and other damages.


## FOURTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTIONAL CLAIMS
## <u>AGAINST ALL DEFENDANTS</u>

55.    The allegations of paragraphs 1 through 54 inclusive are incorporated by

reference herein.


56.    Upon information and belief, Defendants violated, conspired to violate, and aided

and abetted in violating plaintiff's rights under, *inter alia,* Article I sections 6 and

12 of the Constitution of the State of New York.


57.    Upon information and belief, the acts and conduct of defendants described above

were intentional, wanton, malicious and oppressive.


58.    As a result of the acts and misconduct of the defendants complained of

herein, plaintiffs have suffered deprivation of their liberty, emotional injuries,

mental and emotional distress, humiliation, embarrassment, economic loss, legal

fees, and other damages.


59.    Pursuant to Fed. R. Civ P. 38 plaintiff demands a trial by jury, on all issues so

triable, in this action.

**WHEREFORE**,  plaintiffs Alejandro Perea-Torres, Durand Auguste, and Ewart Burton each independently demand judgment and pray for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

And the following relief against the municipal defendant:

(a) full and fair compensatory damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

Dated: New York, New York
October 22, 2007

BY: /s/ Glenn A. Wolther
Glenn A. Wolther [GW-5740]

Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Attorney for plaintiffs