UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| ALEJANDRO PEREA-TORRES, DURAND AUGUSTE, AND EWART BURTON, <br><br> Plaintiffs, <br><br> -against- <br><br> THE CITY OF NEW YORK, a municipal corporation, NYPD Detective Philip Morgan, Shield No. 3313, Undercover PO, Shield No. 5778 whos identity is unknown, Undercover PO, Shield No. 14341, whos [*sic*] identity is unknown, John & Jane Does, Individually and as supervisory officers of the New York City Police Department, the identity and number of which is unknown, <br><br> Defendants. | **ANSWER ON BEHALF OF DEFENDANT PHILLIP MORGAN** <br><br> 07 Civ. 9434 (DC) <br><br> Jury Trial Demanded |

------------------------------------------------------------------------x

Defendant Phillip Morgan[1] by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

  1.  Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as set forth therein.

  2.  Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

---

[1] Defendant City of New York previously interposed an answer to the complaint on April 15, 2008. Upon information and belief, the individuals named in the caption as "Undercover PO, Shield No. 5778" and "Undercover PO, Shield No. 14341" have not been served with summonses and copies of the complaint.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that documents purporting to be Notices of Claim were received by the Comptroller's Office on or about October 23, 2006.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that the Comptroller's Office received purported Notices of Claim on or about October 23, 2006, and that these purported claims have not been settled or adjusted.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is, and was on July 22, 2006, a municipal corporation existing under the laws of the State of New York, that the City of New York maintains a Police Department, that the New York City Police Department is a non-suable entity, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Phillip Morgan was employed by the City of New York as a police detective on July 22, 2006, and that plaintiffs purport to proceed as stated therein.

10. Denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "10" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Paragraph "14" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admits that plaintiff Durand Auguste was arrested by New York Police Officers on or about July 22, 2006, at approximately 4:00 A.M.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff Ewart Burton was arrested by New York Police Officers on or about July 22, 2006, at approximately 4:00 A.M.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admits that plaintiff Alejandro Perea-Torres was arrested by New York Police Officers on or about July 22, 2006, at approximately 4:00 A.M.

25. Admits the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' respective state of mind.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admits that plaintiffs were arrested and transported to the 70th Police Precinct on or about July 22, 2006.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that plaintiffs were arrested and charged with violating provisions of the New York Alcoholic Beverage Control Law, on or about July 22, 2006, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of plaintiffs' criminal charges.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Paragraph "35" of the complaint sets forth conclusions of law, rather than averments of fact and, accordingly, no response is required.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to paragraph "40" of the complaint, defendant repeats and reallages paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint, and all of its subparts.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to paragraph "45" of the complaint, defendant repeats and reallages paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to paragraph "50" of the complaint, defendant repeats and reallages paragraphs "1" through "49" of this answer as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to paragraph "55" of the complaint, defendant repeats and reallages paragraphs "1" through "54" of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Paragraph "59" of the complaint is a demand for a jury trial and, accordingly, no response is warranted.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

60. The complaint fails to state a claim upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

61.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

62.   Defendant Phillip Morgan acted within the lawful and proper exercise of his discretion.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

63.   Plaintiffs provoked any incident.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

64.   There was probable cause for plaintiffs' respective arrest, detention, and prosecution.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

65.   Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

66.   Defendant Phillip Morgan has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

67.   This action may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68. Plaintiffs' state law claims may be barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

**WHEREFORE**, defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 7, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the City of New York
>                    *Attorney for Defendant City Of New York and Phillip Morgan*
>                    100 Church St., Rm. 3-137
>                    New York, New York 10007
>                    (212) 788-9790
>
>                    By:              /s/
>                         _____
>                         Amy N. Okereke
>                         Assistant Corporation Counsel
>                         Special Federal Litigation Division

To:   Glenn Wolther, Esq.
      *Attorney for Plaintiffs*
      305 Broadway, Suite 1102
      New York, New York 10007 (via E.C.F. and first class mail)

Docket No. 07 Civ. 9434 (DC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ALEJANDRO PEREA-TORRES, DURAND AUGUSTE, AND EWART BURTON,<br><br>                                             Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, a municipal corporation, NYPD Detective Philip Morgan, Shield No. 3313, Undercover PO, Shield No. 5778 whose identity is unknown, Undercover PO, Shield No. 14341, whose identity is unknown, John & Jane Does, Individually and as supervisory officers of the New York City Police Department, the identity and number of which is unknown,<br><br>                                             Defendants. |
| **ANSWER ON BEHALF OF DEFENDANT<br>PHILLIP MORGAN** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and Phillip Morgan*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel: Amy N. Okereke*<br>*Tel:  (212) 788-9790* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ..........................................................., 200*<br><br>*.................................................................... Esq.*<br><br>*Attorney for .......................................................* |

## DECLARATION OF SERVICE BY MAIL

      I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 7, 2008, I served the annexed ANSWER ON BEHALF OF DEFENDANT MORGAN upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by counsel for that purpose:

      Glenn Wolther, Esq.
      *Attorney for Plaintiffs*
      305 Broadway, Suite 1102
      New York, New York 10007

Dated:      New York, New York
             July 7, 2008

                                                      /s/
                                           AMY N. OKEREKE
                                           ASSISTANT CORPORATION COUNSEL